(Hamilton County Court of Common Pleas.)

### MICHAEL BURKE v. PETER RENNER.

B. recovered judgment against R. and caused execution to issue herein against the personal property of R. for $279.19 and costs. R. was surety on an appeal bond for B. in another case in this court wherein judgment was given against B. for $129.19. R. sought to satisfy the execution against him by paying to the sheriff $150 and the costs unconditionaly, and $129.19 with directions to apply the same in satisfaction of such other judgment against B., which money the sheriff accepted on said terms and makes return accordingly.

Held: That such payment by R. was involuntary; that the sheriff received it by virtue of his writ, and that he cannot divest himself of his official trust, but must pay it over to the execution creditor according to law.

---

BUCHWALTER, J.

The issues here presented arise on the motion of Burke to vacate certain parts of the sheriff's return made on an execution herein, and to amend the same so as to show that he received thereon certain other money. The return reads as follows:

February 27, 1894: "Made on this writ $150 and all costs, and the balance due on this execution of $129.19 was paid to me on account of an execution in case No. 90336, common pleas court of Hamilton county, Ohio, and case No. 1299, circuit court of Hamilton county, Ohio, wherein the Thomas L. Wayne Manufacturing Company were plaintiffs and Michael Burke was defendant." See other facts stated in syllabus.

To so amend the return, puts all the money in the sheriff's hands payable on Burke's demand herein. It is claimed on behalf of the sheriff and the Thomas L. Wayne Manufacturing Company, that the $150 was made by the sheriff on execution, and that the $129.19 was paid by Renner, voluntarily, and irrespective of this execution, to be applied on account of the execution against Burke in case 90336, under sec. 5482, which provides, "after the issue of execution against property, a person indebted to the judgment debtor may pay to the sheriff the amount of his debt, or so much thereof, as may be necessary to satisfy the execution; and the sheriff's receipt shall be a sufficient discharge for the amount so paid, or directed to be credited by the judgment creditor on the execution."

The only construction of this section that I am advised of applies its provisions to the jurisdiction and proceedings before Justices of the Peace. 15 Ohio St. 176, Hallahan v. Crow. Crow was a stranger to the action and execution against Hallahan, was simply his debtor, electing to pay the constable in satisfaction of Halahan's judgment creditor's claim. It appears to me the statute means, any one who voluntarily pays the sheriff his debt, due to the execution debtor, and that it is not broad enough to cover an involuntary payment, made to the sheriff with an execution in his hands against the property of such other person.

The execution commanded the sheriff to make the whole of this

money (and more) out of the property of Renner, * * * and make due return to this court within sixty days from the date of the writ. And under sec. 5396 (the money having been made without the sale of real estate), it became the duty of the sheriff to pay the net proceeds of the same on demand therefor to the execution creditor Burke.

Money so made on execution is in the custody of the law, the sheriff being a trustee to pay it over as the court or law may direct, and prior to the statutory modification of this trust character by sec. 5531, it could not be attached in his hands; Dawson v. Holcomb, sheriff, 1 Ohio, 275.

Since the enactment of sec. 5531, the sheriff may be garnisheed; Locke v. Butler, 19 Ohio St. 587.

This money was received from Renner by the sheriff, and has been retained by him, charged with such duty as trustee, under the law, by virtue of the execution.

Having the duty to make the money on the execution, the sheriff, to receive it in any other capacity, would make breach of his duty under that writ, and if he cannot make it on the execution, he must not receive it.

The law requires that the sheriff shall satisfy the writs of execution in the order as to priority in which they may be delivered to him, sec. 5382, and where he is unable to find any property on which to levy, he can not agree with one claiming under a second execution that if he will point out property to levy upon, the proceeds thereof shall be first applied to satisfy that writ, and if he do so, it is a breach of his trust duty. Weber v. King (Ham. Dist. Ct.), 7 Bull. 148.

While it would probably aid in the administration of justice and be within constitutional domain to so modify by statute the relation and duty of the sheriff, as that he might apply money made by him on execution in favor of an execution creditor to satisfy in whole or in part another execution then in his hands on the property of such person who therein is the execution debtor, yet it is clear that neither sec. 5482 nor sec. 5531 authorize the sheriff in that regard, and that he must be held to have received not only the $150, but also the $129.19, upon the execution herein, and that it is his official duty to pay it over under sec. 5396, to Burke upon his order.

The motion to amend the return herein is accordingly granted, and so much of the motion as calls for amercement (the good faith of the sheriff being apparent and Burke not now suffering any loss) is overruled.

Wm. Disney, for plaintiff.

Jacob H. Bromwell and M. Ruskin, contra.